OPINION OF THE COURT
Armando Montano, J.
The ex parte applications by the Bronx Court Clinic of Bellevue Hospital Center for two orders directing the release of defendant’s medical records are denied with leave to renew for a hearing upon proper notice to all parties involved. For the reasons below, this court declines to sign the proposed orders submitted by the Clinic.
Defendant is charged with assault in the third degree (Penal Law § 120.00 [1]), menacing in the second degree (Penal Law § 120.14), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and harassment in the second degree (Penal Law § 240.26 [1]).
On October 29, 2015, the Honorable George Grasso signed an order pursuant to CPL article 730 directing the Clinic to conduct an examination of defendant in order to determine whether defendant “as a result of mental disease or defect, lacks capacity to understand the proceedings against him or her or to assist in his or her defense.”
On January 4, 2016, two proposed orders directing Bronx Psychiatric Center (BPC) and Bellevue Hospital Center (Bellevue) to release defendant’s medical records, including mental health, HIV-related information, substance abuse, social service, occupational, and educational records, to the Clinic were submitted to Part AP-3. In support of both applications, the Clinic submits the affidavit of forensic psychiatrist Melissa Kaye, M.D., the medical director of the Clinic.
In her affidavit, Dr. Kaye asserts that defendant was examined by evaluators from the Clinic. The evaluators were unable to determine defendant’s fitness to proceed since defendant presented “in an unclear manner” during the examination. Dr. Kaye further asserts that the court-ordered 730 exam cannot be completed without access to defendant’s medical history. As defendant has refused to sign a release for the requested records, Dr. Kaye maintains that the 730 exam cannot be completed. Citing Mental Hygiene Law § 33.13 (c) (1), *338 42 CFR 2.65, and Public Health Law § 2785 (2) (a), Dr. Kaye avers that (1) the interests of justice significantly outweigh the need for confidentiality; (2) there is a reasonable likelihood that the records will disclose information of substantial value; (3) the public interest and the need for disclosure outweigh the potential injury to defendant; (4) there is a compelling need for disclosure of defendant’s HIV-related information for the adjudication of this criminal proceeding; and (5) the public interest for the disclosure of defendant’s substance abuse records outweighs the injury to defendant and the physician-patient relationship.
Defendant is currently an inpatient at XXXXXX, a psychiatric facility operated by the New York State Office of Mental Health (OMH). He has been hospitalized at XXXXXX for approximately XX years. By virtue of his status as an inpatient at an OMH facility, he is represented by Mental Hygiene Legal Service (MHLS) to protect his legal rights. (Mental Hygiene Law §§ 9.07, 47.01, 47.03.)
No person can be deprived of life, liberty, or property without due process of law. (US Const, 14th Amend, § 1; NY Const, art 1, § 6.) “[D]ue process of law requires an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights. A hearing or an opportunity to be heard is absolutely essential.” (Matter of Coates, 9 NY2d 242, 249 [1961], quoting Stuart v Palmer, 74 NY 183, 191 [1878].)
“Whether the constitutional guarantee applies depends on whether the government’s actions impair a protected liberty or property interest.” (Matter of Lee TT. v Dowling, 87 NY2d 699, 707 [1996].) The Supreme Court has recognized that “[t]he right to privacy is grounded in the Fourteenth Amendment’s concept of personal liberty and encompasses the ‘individual interest in avoiding disclosure of personal matters.’ ” (Hirschfeld v Stone, 193 FRD 175, 185 [SD NY 2000] [citations omitted], quoting Whalen v Roe, 429 US 589, 599 [1977].) Thus, the right to privacy “includes the right to protection regarding information about the state of one’s health.” (Doe v City of New York, 15 F3d 264, 267 [2d Cir 1994].) With respect to a person’s HIV status, the confidentiality of such information “is at its zenith.” (Powell v Schriver, 175 F3d 107, 111 [2d Cir 1999].)
There are several relevant statutes and regulations concerning the release of confidential medical information.
Mental Hygiene Law § 33.13 (c) (1) provides that clinical records for each patient residing in an OMH facility are not public *339 records and cannot be released to any person outside of the facility except, inter alia, “pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality.” (Emphasis added.) Moreover, any disclosure made under this section must be limited to the information necessary in light of the reason for the disclosure. (Mental Hygiene Law § 33.13 [f].)
Public Health Law § 2782, which governs the confidentiality and disclosure of HIV-related information, permits the release of confidential HIV-related information only under specifically enumerated circumstances. Under the section cited by Dr. Kaye, “a state, county or local health officer may disclose confidential HIV related information when . . . disclosure is specifically authorized ... by federal or state law.” (Public Health Law § 2782 [2] [a].)
42 USCA § 290dd-2 (a) provides that “[rjecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained” by a substance abuse treatment facility which receives federal funds are “confidential and [can] be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.” 42 CFR 2.65 sets forth the procedural guidelines for the issuance of an order authorizing the disclosure of alcohol and drug abuse patient records in the context of a criminal investigation or the prosecution of a patient. First, the application must use a fictitious name to refer to the patient unless the court has sealed the proceeding. Next, the regulations require that the person holding the records must be given the following: (1) adequate notice of an application by a person performing a law enforcement function; (2) an opportunity to appear and be heard for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the order; and (3) an opportunity to be represented by counsel. A court may then permit disclosure of the patient records if and only if the court makes very specific factual findings.
Although this court has the utmost respect for Dr. Kaye’s opinion, her affidavit is wholly conclusory and devoid of probative value. Merely parroting the language of the relevant statutes provides no useful information upon which this court can make the findings required under the aforementioned statutes to sign the proposed orders directing the release of a defendant’s confidential medical records. Furthermore, this *340 court cannot sign the proposed orders absent notice to all parties concerned, including MHLS, BPC, and Bellevue, and the holding of a hearing. Signing the proposed orders without adhering to the proper procedures would infringe upon defendant’s right to privacy and violate his due process rights.
Accordingly, the ex parte applications by the Clinic for two orders directing the release of defendant’s medical records are denied with leave to renew for a hearing upon proper notice to all parties involved.